J-A20039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROCCO CRESCENZO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GENERATIONS OF HOPE, LLC. | : | |
| | : | |
| Appellant | : | No. 57 MDA 2023 |

Appeal from the Order Entered December 12, 2022
In the Court of Common Pleas of York County Civil Division at No(s):
2022-SU-002074

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:           **FILED: AUGUST 6, 2024**

This matter concerns an appeal by Appellant, Generations of Hope, LLC, from the December 12, 2022 order, amended on December 20, 2022, overruling its preliminary objections; granting the petition for declaratory judgment filed by Appellee, Rocco Crescenzo; and directing the York County Prothonotary to mark the judgment entered in favor of Appellant and against Appellee as satisfied.  At the bequest of our Supreme Court, we hereby remand this matter to the trial court to allow Appellee to re-commence his declaratory judgment action via complaint.

The pertinent factual and procedural history of this case, as gleaned from the trial court's opinion and the certified record, are as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[Appellee] initiated this action by petition for declaratory judgment filed on August 30, 2022. In response to the petition, on September 6, 2022, the [trial] court issued a Rule to Show Cause, which directed [Appellant] to file an answer to the petition within 20 days, provided for discovery, directed the matter to be disposed of according to Pa.R.C.P. 206.7, and lastly, scheduled oral argument for December 12, 2022. On September 26, 2022, [Appellant] filed preliminary objections to [Appellee's] petition. [Appellant's] first objection was based on *res judicata*, the second was based on collateral estoppel, and the third was based on a claim of lack of jurisdiction based on the two previous issues.

As required by the local rules, 10 days later, on October 6, 2022, [Appellant] filed a brief in support of its preliminary objections. On October 17, 2022, [Appellee] filed an answer to the preliminary objections and brief in opposition. On November 3, 2022, [Appellant] filed a reply brief and praecipe for one judge disposition. At no point did [Appellant] file an answer to the original petition as they were directed to do by the Rule[] to Show Cause.

Despite the [trial] court's Rule to Show Cause and through administrative error, [Appellant's] preliminary objections were assigned to the Honorable Todd R. Platts for disposition. On December 12, 2022, the [trial] court held oral argument on the petition as was ordered in the Rule to Show Cause. [Appellee] appeared through counsel, but [Appellant] failed to appear for oral argument as directed and without explanation. The [trial] court entertained oral argument from [Appellee's] counsel, and afterwards overruled [Appellant's] preliminary objections and granted relief sought by [Appellee].

[Appellant] sought reconsideration, which was denied [on December 20, 2022]. On January 9, 2023, [Appellant] filed its notice of appeal.

Trial court Rule 1925(a) opinion, 2/2/23 at 1-2 (footnote and extraneous capitalization omitted).[1]

Following careful consideration of the six issues Appellant raised on appeal, *see* Appellant's brief at 3-4, this Court issued a comprehensive memorandum on November 16, 2023, affirming the trial court's grant of Appellee's petition for declaratory judgment. On January 10, 2024, this Court, sitting *en banc*, entered an order denying Appellant's November 30, 2023 application requesting reargument of our decision. Appellant subsequently filed a petition for allowance of appeal with our Supreme Court. Thereafter, on July 9, 2024, our Supreme Court entered an order granting the petition for allowance of appeal, vacating this Court's aforementioned decision granting the petition for declaratory judgment filed by Appellee, and remanding to this Court "with instructions to remand to the trial court to allow [Appellee] to re-commence his declaratory judgment action via complaint." *See Per Curiam* order (81 MAL 2024), 7/9/24.

Based on the foregoing, we remand this matter to the trial court to allow Appellee to re-commence his declaratory judgment action via complaint.

Case remanded. Jurisdiction relinquished.

---

[1] Appellant and the trial court complied with Pa.R.A.P. 1925.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>08/06/2024</u>